

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

July 30, 1957

Honorable Wm. J. Burke
Executive Director
State Board of Control
Austin, Texas

Dear Sir:

Opinion No. WW-192

Re: Questions concerning bid list-
ing, bid fee, bids and con-
tracts with political subdivi-
sions below State level.

Your request for an opinion reads as follows:

"In reviewing bid lists it has just come to
my attention that Gregg County, Texas, owns and
operates an asphalt plant and that under date of
December 10, 1956, Gregg County Asphalt Plant,
through Mr. W. R. Scroggins, Gregg County Engi-
neer, filed an application for listing as a bidder
to supply the State with asphaltic concrete.

"Since Gregg County is a political subdivi-
sion and might at any time in the future submit
an apparent low and acceptable bid, we need your
opinion on the following points at your earliest
convenience:

"1) Can political subdivisions below the
State level (such as counties, cities, towns, etc.)
apply for listing on State bid invitation lists
for any commodity?

"2) Can the Board of Control accept the ap-
plication and the class and item booklet fee identi-
fying commodities on which bids may be submitted
from such political subdivision?

"3) If such lesser political subdivision
should submit a bid and it is a low bid, can the
Board of Control make an award on the bid?"

Article 634a, Vernon's Civil Statutes provides as fol-
lows:

"Sec. 1. The Board of Control shall in all
public contracts to be let or awarded by it invite

bids and furnish proposals to those desirous
of bidding on such forms as it may deem proper.
Said Board may place any person, firm or cor-
poration so desiring on a State mailing list
which said list shall entitle said holder to a
copy of the proposal on any contract that is to
be let. To be entitled to receive such State
mailing list, said holder shall first pay in ad-
vance an annual service charge, to be determined
by the Board of Control, which same shall not
be less than Five ($5.00) Dollars nor more than
Seven Dollars and Fifty ($7.50) Cents.

"Sec. 2. Where any bidder or prospective
bidder, other than those appearing on said State
mailing list, desires to bid on any contract to
be let by said Board, he shall pay such amount
for the proposal or proposals furnished to him,
as said Board may determine is just and neces-
sary; provided, however, in the event said Board
finds that a service charge may work a hardship
on some particular bidder or class of bidders,
it may forego such charge and shall be author-
ized to furnish such proposals.

"Sec. 3. All amounts collected from the
annual service charge of those on the State mail-
ing list or from proposals furnished shall be
deposited in the State Treasury, in the name of
the 'State Board of Control Special Service Ac-
count', and enough of said funds so collected
shall be used by said Board and paid out as other
funds are to defray all necessary expenses and
charges in connection with the making and furn-
ishing of said proposals."

The above quoted provisions will be repealed on the
effective date of Senate Bill 189, Acts of the 55th Legislature.
Subdivision (b) of Section 8 of Senate Bill 189 provides that
the Board of Control shall maintain a bidders' list. It is to
be noted that under neither the provisions of Article 634a nor
the provisions of Senate Bill 189, would the State Board of
Control be prohibited from awarding contracts to a county. How-
ever, since the Board of Control is required under both Acts to
determine the capacity of a prospective bidder to perform the
contract as awarded, your question necessarily involves the au-
thority of the Commissioners' Court of Gregg County to furnish
asphaltic concrete to the State of Texas if it is a successful
bidder on a purchase contract.

Honorable Wm. J. Burke, page 3   (WW-192)

The Commissioners' Court is a court of limited jurisdiction and has only such powers as are conferred upon it by express terms or by necessary implication. Childress County v. State, 127 Tex. 343, 92 S.W.2d 1011 (1936); Von Rosenberg v. Lovett, 173 S.W. 508 (Tex.Civ.App. 1915, error ref.); Roper v. Hall, 280 S.W. 289 (Tex.Civ.App. 1925); Hill v. Sterrett, 252 S.W.2d 766 (Tex.Civ.App. 1952, error ref. n.r.e.).

We know of no provisions which would authorize the County to enter into contracts with the State, whereby the County is to furnish the State with concrete asphalt. It is further our opinion that such contract is not the performance of a governmental function necessary to county business. In this connection, it is the duty of the Commissioners Court, the engineers, and those in charge of road building projects of Gregg County to reasonably anticipate the amount of asphalt and other material needed for road building projects. If, by reason of unforeseen circumstances there should remain surplus material after projects are completed, then the surplus could be sold by Gregg County. However, Gregg County cannot engage in the asphalt business. If Gregg County were to attempt to engage in the asphalt or the road building business, then it would be engaging in proprietary functions not authorized. See Miller v. El Paso County, 136 Tex. 370, 150 S.W.2d 1000 (1941); Bennett v. Brown County Water Control and Improvement District No. 1., 153 Tex. 599, 272 S.W.2d 498 (1954); holding that a county can perform only governmental functions. To the same effect see Attorney General's Opinions S-55 (1953) and V-763 (1949).

You are, therefore, advised that the application for listing as a bidder to supply the State with asphalt concrete submitted by the Gregg County Asphalt Plant, acting by and through the Gregg County Engineer, cannot be honored by the State Board of Control.

## SUMMARY

Gregg County does not have authority to enter into supply contracts with the State of Texas whereby it will furnish the State with asphaltic concrete.

Yours very truly,

WILL WILSON
Attorney General of Texas

By John Reeves
John Reeves
Assistant

JR:pf:wb

886

APPROVED:

OPINION COMMITTEE

H. Grady Chandler, Chairman
C. K. Richards
John Lennan
Marvin Thomas

REVIEWED FOR THE ATTORNEY GENERAL

BY:   Geo. P. Blackburn